UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS JIMENEZ ORTIZ (A-222-562-113),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-7064 TLN CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Isaias Jimenez Ortiz (A-222-562-113), a native and citizen of Mexico who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On September 18, 2026, petitioner filed a motion to proceed in forma pauperis. (ECF No. 9.) Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and that petitioner be immediately released.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. (ECF No. 7-1 at 1.) Petitioner entered the United States on an unknown date at an unknown time. (Id.) In the petition, petitioner claims that he has lived in the United States for ten years.[2] (ECF No. 1 at 5.) On August 1, 2026, petitioner was arrested for possession of an open container of an alcoholic beverage on public property in violation of city ordinance section 5(9)(a). (ECF No. 7-2 at 2-3.) On August 3, 2026, petitioner pled guilty to this offense. (Id. at 6-8.) On August 4, 2026, custody of petitioner was transferred from the Palm Beach County Jail to U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 7-1 at 2.) Petitioner has remained in ICE detention since that time. (ECF No. 1 at 5.)

## II. PROCEDURAL BACKGROUND

On September 3, 2026, petitioner filed his petition for writ of habeas corpus and a motion for appointment of counsel. (ECF Nos. 1, 2.) On September 4, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 4.) On September 11, 2026, respondent filed a reply to the petition. (ECF No. 7.) Petitioner did not file a response to the reply. (See Docket.) Briefing is complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's

[2] Respondents do not dispute petitioner's claim that he has lived in the United States for ten years. (See ECF No. 7.)

habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV. DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises one claim for relief: prolonged detention in violation of the Fifth Amendment Due Process Clause. (ECF No. 1 at 12.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court also construes the petition as raising a statutory claim under the Immigration and Nationality Act ("INA"). In the reply, citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026) and Rodriguez Vasquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), respondents state that petitioner "may seek a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a). Therefore, the Court should order no relief beyond directing the agency to provide that custody redetermination consistent with statute and controlling precedent." (ECF No. 7 at 1.) Based on respondents' argument in the reply to the petition, there is no prejudice to respondents in the Court's construction.

In Rodriguez Vazquez, the Ninth Circuit concluded that that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and

Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Because petitioner is detained under § 1226(a), petitioner was entitled to a bond hearing. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

## V. PETITIONER'S REMAINING CLAIM

Because the Court recommends granting the petition on the statutory claim, the Court need not address the due process claim raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to the statutory claim.

## VI. REMEDY

Respondents do not argue that petitioner is a flight risk or danger to the community. (See ECF No. 7.) Considering § 1226(a)'s discretionary detention framework, this Court finds that an

order directing respondents to immediately release petitioner is the appropriate remedy. See Solozano Peres v. Warden, 1:26-cv-03917 TLN AC, 2026 WL 2350419, at *4 (E.D. Cal. Aug. 13, 2026), findings and recommendations adopted, 2026 WL 2445016 (E.D. Cal. Aug. 20, 2026) (ordering release of petitioner detained pursuant to 8 U.S.C. § 1226(a) following petitioner's arrest for one count of nonmoving traffic violation (expired driver's license) and one count of hit and run (leaving the scene of a crash, no serious injury)); Meyet K. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05021 TLN CSK, 2026 WL 1970623, at *4 (E.D. Cal. July 8, 2026) (ordering release of petitioner detained pursuant to 8 U.S.C. § 1226(a) after an encounter with law enforcement for misdemeanor assault/battery).

## VII. PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

## VIII. CONCLUSION

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be immediately released.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is granted.

2. Petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to IMMEDIATELY release petitioner Isaias Jimenez Ortiz (A-222-562-113) and be ordered to provide petitioner with a copy of the release order at or near

the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. Given petitioner's pro se status, respondents be directed to file, within seven days of the adoption of these findings and recommendations, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ortiz7064.157.imm.RELEASE/2